```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

UNITED STATES OF AMERICA      :
                              :
         v.                   :   Case No. 2:13-cr-106
                              :
EDIN SAKOČ                    :
```

**ORDER RE: MOTION TO DISMISS DUE TO PRE-INDICTMENT DELAY**

Defendant Edin Sakoč is charged with offenses related to his application for United States citizenship in 2007. Trial in this matter is currently scheduled for January 12, 2015. Sakoč has moved to dismiss the indictment on the basis of pre-indictment delay. For the reason set forth below, the motion is **denied**.

Factual Background

In 2001, Sakoč applied for and was granted refugee status in the United States. In 2004, he became a lawful permanent resident. In February 2007, he filed a Form N-700 application for United States citizenship. On the Form N-700 and in a subsequent interview with a U.S. immigration officer, Sakoč reportedly denied having committed any crimes or acts of persecution. In September 2007, he was granted citizenship.

In 2010, the government reportedly became aware of allegations that Sakoč engaged in criminal acts prior to coming to the United States. Specifically, in July 1992 while serving in the Bosnian army, Sakoč allegedly (1) raped a Serbian woman before taking her to a prison camp, (2) aided another Bosnian

soldier named "Boban" in shooting and killing the woman's family members and burning the bodies, and (3) aided Boban in burning down the family's home.  The government filed its indictment on July 25, 2013.

Sakoč claims that because the government waited until 2013 to indict, Boban has now disappeared and is thus unavailable to serve as a witness.  Sakoč further asserts that, if Boban were to testify, he would explain that Sakoč did not rape the Serbian woman, did not know of his intention to kill her family members, and did not aid him in the killings.  The government contends that these claims are speculative, as Boban would be unlikely to implicate himself in the murders, while other witnesses will testify that Boban was not with Sakoč at the time of the rape.

Both parties have reportedly made and continue to make efforts to locate Boban.

## Discussion

Sakoč claims the government's delay violated his Fifth Amendment due process rights.  The Supreme Court has noted that statutes of limitations provide "'the primary guarantee against bringing overly stale criminal charges.'"  *United States v. Marion*, 404 U.S. 307, 322 (1971) (quoting *United States v. Ewell*, 386 U.S. 116, 122 (1966)).  That said, "[a]n indictment brought within the time constraints of the statute may nevertheless violate due process where pre-indictment delay has been shown to

cause 'substantial prejudice' to the defendant's ability to present his defense and 'the delay was an intentional device to gain [a] tactical advantage over the accused.'" *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999) (quoting *Marion*, 404 U.S. at 324).

With respect to prejudice, the Second Circuit has held that the defendant bears a "heavy burden." *Id.* While substantial prejudice "is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness," *id.*, courts have held that "'[f]aded memories or unavailable witnesses are inherent in any delay, even if justifiable. To merit dismissal a defendant must demonstrate a substantial, actual prejudice to his ability to defend himself.'" *United States v. Delacruz*, 970 F. Supp. 2d 199, 202 (S.D.N.Y. 2013) (quoting *United States v. Long*, 697 F. Supp. 651, 657 (S.D.N.Y. 1988)).

Sakoč claims to have lost access to a critical witness. The government counters that any assertions about Boban's potential testimony are speculative, and thus do not support a due process claim. *See United States v. Birney*, 686 F.2d 102, 105-06 (2d Cir. 1982) ("the proof of prejudice must be definite and not speculative"). The Court agrees. Aside from Sakoč's own assertions there is no record evidence of Boban's likely testimony, and there is little indication that Boban would incriminate himself in order to testify on Sakoč's behalf.

The government next argues that Sakoč cannot prove Boban's unavailability was caused by the alleged delay. *See Marion*, 404 U.S. at 325 (burden is on defendant to show that "pre-indictment delay . . . caused substantial prejudice"); *Cornielle*, 171 F.3d at 752.  The events in question took place in 1992, Sakoč applied for citizenship in 2007, the government reportedly learned of his alleged criminal activities in 2010, and the indictment was filed in 2013.  As there is no evidence of Boban's whereabouts between 1992 and the commission of the crime in 2007, the Court cannot conclude that a delay of three more years to discover, and three years to investigate, caused him to be unavailable.

Third, the government submits that Sakoč has failed to show whether Boban's testimony would be either credible or exculpatory.  In fact, the government reports that it has witnesses who would directly controvert key portions of Boban's proposed testimony.  This argument is also supported by, as noted above, the lack of any evidence that Boban would appear voluntarily and incriminate himself.  The Court therefore finds that Sakoč has failed to show substantial prejudice to his ability to present a defense.

The parties next address the question of improper government purpose, and there is a dispute as to which party carries the burden of proof.  Sakoč acknowledges that Second Circuit precedent places the burden of persuasion on the defendant, *see*

*Cornielle*, 171 F.3d at 752 (placing burden on defendant to show "that such delay was a course intentionally pursued by the government for an improper purpose"), but invites the Court to place the burden of production on the government.  Given the government's proffered reasons for delay, the Court finds it unnecessary to determine the burden question.

With respect to any delay in discovering Sakoč's alleged crimes, the government represents to the Court that not every citizenship application is investigated, and that applicant responses are generally presumed to be true.  Once the government received the allegations in this case, it was compelled to engage in a complex investigation involving "foreign evidence in a foreign language and involving witnesses in a foreign country." ECF No. 70 at 3.  The incidents in question occurred over fifteen years prior to the investigation, and witness interviews reportedly involved "highly sensitive topics." *Id.* at 11. Accordingly, the government contends that a three-year investigation period was justified.

The Supreme Court has held that pre-indictment delay for the purpose of investigating a case is permissible "even if [the] defense might have been somewhat prejudiced by the lapse of time." *United States v. Lovasco*, 431 U.S. 783, 796 (1977). Nonetheless, a defendant may demonstrate a violation of his rights where the delay was incurred "in reckless disregard of

circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense." *Id*. at 795 n.17.  As noted previously, the government may not delay in order to gain a tactical advantage.  *See Cornielle*, 171 F.3d 748, 752.

Here, the government has provided a reasoned and plausible explanation for the both the timing of its discovery and the length of its investigation.  Moreover, there is no evidence that either party was aware of Boban's location after Sakoč arrived in the United States, and nothing to support a finding of intentional tactical delay.  The Court therefore finds that even if the government carries the burden of proof with regard to improper purpose, the evidence and arguments in this case warrant denial of the motion to dismiss.  *See, e.g., Lovasco*, 431 U.S. at 790 ("no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution").

## Conclusion

For the reasons set forth above, Sakoč's motion to dismiss the indictment on the basis of pre-indictment delay (ECF No. 67) is **denied.**

DATED at Burlington, in the District of Vermont, this 22nd day of December, 2014.

/s/ William K. Sessions III
William K. Sessions III
United States District Judge