```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA      :
                              :
        v.                    :    Case No. 2:13-cr-106
                              :
EDIN SAKOČ                    :
```

**ORDER RE: MOTION FOR AN ORDER DIRECTING THE GOVERNMENT TO ELECT BETWEEN COUNT 1 AND COUNT 2 ON MULTIPLICITY GROUNDS**

Defendant Edin Sakoč is charged with offenses related to his application for United States citizenship. Count 1 of the indictment charges him with knowingly procuring naturalization contrary to law in violation of 18 U.S.C. § 1425(a). Count 2 charges him with knowingly procuring naturalization to which he was not entitled in violation of 18 U.S.C. § 1425(b). Sakoč argues these charges constitute the same offense and therefore violate the Double Jeopardy Clause of the Fifth Amendment. Pending before the Court is his motion to compel the government to dismiss one of the two Counts prior to trial.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. If an indictment charges "a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed," the indictment is multiplicitous. *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). A multiplicitous indictment "violates the Double

Jeopardy Clause of the Fifth Amendment" when it "subject[s] a person to punishment for the same crime more than once." *Id.*

Sakoč argues that to avoid a due process violation in this case, the Court must order the government to choose between Count 1 and Count 2 before proceeding to trial. The government counters that under the test set forth in *United States v. Blockburger*, 284 U.S. 299, 304 (1932), subsections (a) and (b) of 18 U.S.C. § 1425 are not multiplicitous because while subsection (a) requires material misrepresentations, subsection (b) requires defendant's knowledge that he was not entitled to citizenship.

The primary question at this stage in the case is whether defendant's motion is premature. The Second Circuit has held that "[w]here there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006). Accordingly, where "[n]o convictions have been entered . . . the Double Jeopardy Clause's guarantee against multiple punishments for the same offense has not yet been triggered." *United States v. Polouizzi*, 564 F.3d 142, 157 (2d Cir. 2009). "Since *Josephberg*, courts in this Circuit have routinely denied pre-trial motions to dismiss potentially multiplicitous counts as premature." *United States v. Medina*, 2014 WL 3057917, at *3 (S.D.N.Y. July 7, 2014)

(collecting cases).

Sakoč nonetheless contends that a multiplicitous indictment might have a psychological effect on the jury, and perhaps result in a compromise verdict on one of the two Counts.  In *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981), the Second Circuit raised similar concerns, noting that "[t]he vice in multiplicity charges is that it . . . may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes."  Districts courts have noted the apparent tension between *Josephberg* and *Reed*, while ultimately deferring to *Josephberg* as the most recent statement of the law.  *See, e.g., United States v. Ghavami*, 2012 WL 2878126, at *11 n.11 (S.D.N.Y. July 13, 2012) ("Although the Second Circuit [in *Reed*] may have at one time voiced this concern, it was not sufficient to keep that court from recently concluding in *Josephberg* that the pre-trial dismissal of potentially multiplicitous counts is premature (nor was it even mentioned in the decision)."); *see also United States v. Jahedi*, 681 F. Supp. 2d 430, 437 n.49 (S.D.N.Y. 2009).

At oral argument on this motion, defense counsel conceded that any prejudice concerns would be reduced significantly if, at the end of the presentation of evidence, the Court were to review the evidence to determine whether both Counts should be presented to the jury.  The government suggests that the Court may also

3

alleviate concerns of prejudice by providing appropriate instructions to the jury.  *See, e.g., United States v. Chipps*, 410 F.3d 438, 449 (8th Cir. 2005).  In any event, and in light of the holding in *Josephberg*, Sakoč's motion (ECF No. 69) is **denied** without prejudice as premature, and this issue may be raised again by the defendant at the close of the evidence.

    DATED at Burlington, in the District of Vermont, this 22nd day of December, 2014.

                            /s/ William K. Sessions III
                            William K. Sessions III
                            United States District Judge